IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DWAYNE ANTHONY OLIVER,           )
                                 )
        Petitioner,              )
                                 )
vs.                              )   Case No. 05-CV-121-TCK-FHM
                                 )
ERIC FRANKLIN, Warden,           )
                                 )
        Respondent.              )

## **OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations and brief in support (Dkt. #s 11 and 12). Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. Petitioner, a state inmate appearing *pro se*, filed a response to the motion to dismiss (Dkt. # 16). By Order filed March 14, 2006 (Dkt. # 17), the Court directed Respondent to supplement the record. Respondent filed the requested supplement (Dkt. # 20) on April 11, 2006. Petitioner filed a supplemental reply (Dkt. # 21) on April 27, 2006. For the reasons discussed below, the Court finds Petitioner failed to seek habeas corpus relief prior to expiration of the limitations period. Therefore, the motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

### *BACKGROUND*

On April 23, 2003, Petitioner was convicted on his pleas of guilty of Second Degree Burglary, After Former Conviction of Four Felonies (Count I), Eluding a Police Officer (Count II), and Driving Under Suspension (Count III), in Tulsa County District Court, Case No. CF-2001-5516.

See Dkt. # 12, Ex. 2. Judgment and Sentence issued that date.[1] Id. He was sentenced to twenty-five (25) years imprisonment on Count I, and one (1) year on each of Counts II and III, all to be served concurrently. Id. Petitioner did not move to withdraw his guilty pleas and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA").

On January 15, 2004, Tulsa County District Court Judge Jesse Harris declined Petitioner's request for modification of sentence which Petitioner sent directly to the Judge as a letter. See Dkt. # 20, Ex. 5. Petitioner's letter requesting sentence relief was filed of record on January 20, 2004. See Dkt. # 12, Ex. 2; Dkt. # 20, Ex. 4.

On September 20, 2004, Petitioner filed an application for post-conviction relief (Dkt. # 20, Ex. 6) in the state district court. By order filed October 26, 2004 (Dkt. # 12, Ex. 4; Dkt. # 20, Ex. 8), the request for post-conviction relief was denied. Petitioner appealed the district court's order denying post-conviction relief to the OCCA. (Dkt. # 12, Ex. 3; Dkt. # 20, Ex. 10). By Order filed December 8, 2004 (Dkt. # 12, Ex. 1; Dkt. # 20, Ex. 9), in No. PC-2004-1199, the OCCA affirmed the state district court's denial of post-conviction relief.

Petitioner commenced federal habeas corpus proceedings by filing his petition on March 2, 2005. See Dkt. # 1.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[1] Petitioner's Judgment and Sentence was entered on April 24, 2003. See Dkt. # 12, Ex. 2.

2

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of 28 U.S.C. § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to perfect a direct appeal, his conviction became final ten (10) days after pronouncement of his Judgment and Sentence, or on May 3, 2003. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw guilty plea within ten (10) days from the date of the pronouncement of the Judgement and Sentence in order to commence an appeal from any conviction of a plea of guilty); see also Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir.

2001) (holding that for purposes of the limitations period under 28 U.S.C. § 2244(d), an Oklahoma conviction following a guilty plea became final ten days after entry of the judgment and sentence). Therefore, Petitioner's one-year limitations clock began to run on May 3, 2003, and, absent a tolling event, a federal petition for writ of habeas corpus filed after May 3, 2004, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

Although the limitations period would be tolled during the time when Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts, § 2244(d)(2), the Court finds that in this case, Petitioner did not file an application for post-conviction relief during the one year limitations period which ended on May 3, 2004. The letter request for sentence modification was filed before the limitations deadline, but it was not a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period. Cf. Nicholson v. Higgins, 147 Fed.Appx. 7, 8 n. 2 (10th Cir. 2005) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)).

In addition, Petitioner's application for post-conviction relief does not toll the limitations period because it was filed on September 20, 2004, after the limitations period had already expired on May 3, 2004. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Only post-conviction applications properly filed during the one year limitations period can toll the running of the period. Moore v. Gibson, 250 F.3d 1295, 1298-99 (10th Cir. 2001). Therefore, unless Petitioner can demonstrate that he is entitled to other statutory or equitable tolling

of the limitations period, his petition, filed March 2, 2005, approximately ten (10) months after expiration of the limitations period, is clearly untimely.

In response to the motion to dismiss, see Dkt. # 16, Petitioner argues that pursuant to Powell v. Williams, 981 F.Supp. 1409, 1412 (D. N.M. 1997), his limitations period began to run when he discovered or should have discovered through the exercise of due diligence that his attorney had failed to commence an appeal. Petitioner claims that he first discovered that his attorney had not perfected an appeal on January 15, 2004, when he filed his motion for sentence relief. See Dkt. # 16. Based on Petitioner's allegations, the Court directed Respondent to supplement the record. Respondent complied and provided the supplemental record requested by the Court.

As indicated above, the limitations period may begin to run "on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The record in this case, including the supplemental record provided by Respondent, leads the Court to conclude that had Petitioner exercised due diligence, he could have discovered, well in advance of January 15, 2004, the factual predicate for his claim that his attorney had not commenced an appeal. At the change of plea hearing, Petitioner advised the trial court judge that he had no questions about his appeal rights. See Dkt. # 20, Ex. 1 at 10. The "Findings of Fact -- Acceptance of Plea" document (Dkt. # 20, Ex 2), executed by Petitioner at the time he entered his plea, contains a written explanation of his right to appeal and of the procedure for perfecting an appeal. The supplemental record also contains Petitioner's letter to Judge Harris, filed of record on January 20, 2004, requesting sentence modification. See Dkt. # 20, Ex. 4. In that letter, Petitioner states, "I am not withdrawing my plea, but pray for a time modification of some kind." Id. at 3. That statement is in stark contrast to the allegation made by Petitioner in the instant

case: that he desired to withdraw his plea and perfect an appeal. Furthermore, nothing in Judge Harris's letter to Petitioner, dated January 15, 2004, denying the request for sentence modification references Petitioner's failure to appeal. See Dkt. # 20, Ex. 5. Thus, nothing in the record supports Petitioner's claim that he first discovered his attorney's failure to commence an appeal on January 15, 2004. Petitioner has provided no evidence supporting the conclusion that he reasonably believed that his attorney was going to commence an appeal. See Dkt. #s 16 and 21. Because Petitioner acknowledged on April 23, 2003, that he had been provided notice of his appeal rights and of the procedure for perfecting an appeal, the Court finds Petitioner could have discovered, through the exercise of due diligence, that no motion to withdraw plea had been filed and that, as a result, no appeal had been perfected well in advance of January 15, 2004.[2] Under the facts of this case, Petitioner is not entitled to application of § 2244(d)(1)(D) to reset his limitations clock.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). In this case, Petitioner has not met the burden

---

[2]In the "Notice of Right to Appeal" section of the "Findings of Fact -- Acceptance of Plea" form, see Dkt. # 20, Ex. 2 at 6, Petitioner acknowledged that he understood that to appeal from his conviction, he had to file a written application to withdraw plea of guilty within ten (10) days of the acceptance of his plea and that the trial court would be required to hold a hearing on the motion to withdraw plea within thirty (30) days from the date the motion is filed. Therefore, after forty (40) days passed without receiving notice of a hearing, Petitioner should have been able to discover, through the exercise of due diligence, that no motion to withdraw plea of guilty had been filed. The Court notes that even if Petitioner's limitations period did not commence until forty (40) days following pronouncement of his judgment and sentence, his habeas petition would still be untimely.

of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808 (finding that AEDPA's statute of limitations is subject to equitable tolling in "rare and exceptional circumstances"). Petitioner alleges that because his attorney failed to perfect an appeal, he had to proceed as a layman. See Dkt. # 16. However, Petitioner's *pro se* status is insufficient to warrant equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citations omitted). Petitioner simply did not pursue his federal claims diligently. As a result, Petitioner is not entitled to equitable tolling.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Therefore, the petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 11) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

DATED THIS 29th day of January, 2007.

TERENCE KERN
UNITED STATES DISTRICT JUDGE

7